WILLS—APPEAL FROM SURROGATE'S COURT—BRINGING IN PARTIES.

Under Code Civ. Proc. § 2573, providing that each party to a special proceeding in the Surrogate's Court, and each person not a party, who has or claims to have in the subject-matter of the decree an interest which is directly affected thereby, and which appears on the face of the papers presented or by the proceedings taken in the Surrogate's Court, must be made a party to the appeal, and that such a person not a party. may be brought in by order of the appellate court, it appearing that there are parties and persons interested other than those against whom appeal from the refusal of probate of a will is taken, appeal will be held to allow of the bringing in of such parties and persons by an order of the appellate court.

Appeal from Decree of Surrogate, Orange County.

In the matter of proving the will of Hester Hunt, deceased.   From a decree refusing probate, Jesse B. Mabee appeals.   Appeal order held.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

J. Bradley Scott, for appellant.

John J. Beattie, for respondents.

PER CURIAM.   This is an appeal by the executor and proponent of a will from the decree of the surrogate refusing probate.   The only persons against whom the appeal is taken are the infants represented by the special guardian.   As there are other parties and persons who, within the purview of section 2573 of the Code of Civil Procedure, must be made parties to the appeal, they should be brought in by order of this court (Id.).   When this is done, this court, having held the appeal meanwhile, will consider the merits thereof.

---

(120 App. Div. 473)

### TEN BROECK v. DEINHARDT.

(Supreme Court, Appellate Division, Second Department.   June 7, 1907.)

LANDLORD AND TENANT—NEGLIGENCE OF LANDLORD—HOOKS FOR DOORS.

A landlord is not negligent in failing to provide, without a request therefor, a hook to hold back the front door when open, so as to be liable for injury to a young child of the janitor and a tenant of a tenement house from the breaking of glass in the door by its being slammed shut by the wind.

Appeal from Municipal Court of New York.

Action by Lillian Ten Broeck, an infant, by Vinnie Ten Broeck, her guardian ad litem, against John Deinhardt, for damages for negligence.   From a judgment on a decision for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, MILLER, and GAYNOR, JJ.

W. H. Burby, for appellant.

Harry C. Underhill, for respondent.

GAYNOR, J.   The plaintiff, then two years old, was sitting on the stoop of the defendant's tenement house, when a gust of wind, apparently from the opening on the inside to the roof, or from some open window, slammed the front door shut with such violence as to smash the glass panel in it, and throw the fragments of glass out on the stoop and cut the plaintiff.   The negligence is that the door had no hook to fasten it back to the wall of the vestibule when open.   It never had one.   The house was a new one.   The accident happened in July, and both this outer door and the inside vestibule door were standing open.   The plaintiff's mother was a tenant of the house, and was also its janitor, and the plaintiff lived with her.   There is no evidence that the mother ever complained to the defendant of the lack of a hook on the door, or asked that one be put there.

It would be carrying the liability of a landlord for negligence to an extreme that has no foundation to uphold this judgment.   If the door was dangerous without a hook that was just as plain to every one as to the landlord.   It has remained until now for any one to suggest that the millions of front doors without hooks to hold them back when open are dangerous.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.   All concur.